UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENDERSON FORD | CIVIL ACTION |
| VERSUS | NO. 11-2950 |
| MARLIN GUSMAN ET AL. | SECTION "C" (2) |

**ORDER AND REASONS**

Plaintiff, Henderson Ford, an inmate currently incarcerated in the Orleans Parish Prison, has submitted an application to proceed in forma pauperis in connection with the above-captioned 42 U.S.C. § 1983 complaint. Plaintiff claims that diabetic prisoners do not receive adequate medical care and treatment or proper dietary meals. He claims that he is not receiving adequate medications for his medical conditions (he alleges he has diabetes, AIDS, and hepatitis). Plaintiff also claims that he was harassed and discriminated against by other inmates based on a medical condition. (Rec. Doc. No. 1, Complaint). Plaintiff seeks monetary compensation and injunctive relief. This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1E(b)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff, while incarcerated, has filed 13 civil rights complaints in this court while he was incarcerated. The Court's records establish that at least six of these prior civil rights complaints were dismissed as frivolous. He has therefore accumulated three "strikes" under the PLRA. See Ford v. Foti, C.A. No. 84-4577 "C"(3) (E.D. La.); Ford v. Fonseca, C.A. No. 84-3945 "G"(1) (E.D. La.); Ford v. Foti, C.A. No. 84-3291 "E"("J")(2) (E.D. La.); Ford v. Foti, C.A. No. 84-2797 "H"(4) (E.D. La.); Ford v. Foti, C.A. No. 94-1575 "F"(1) (E.D. La.); Ford v. William, C.A. No. 94-3902 "D"(1) (E.D. La.). Accordingly, plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g).

Imminent danger refers to threats which are "real and proximate," meaning "a genuine emergency where time is pressing." See e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Claimants must state specific facts, showing immediate danger of future serious physical injury, and not mere conclusory allegations. Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986). Plaintiff has made only vague and conclusory references regarding his concern about his future health. He has not alleged specific facts outlining which, if any, prescribed medications are being withheld, or who

is refusing to follow medical orders for a special diet (or even whether such orders exist). He has not alleged that his condition at present has deteriorated as a result, or that serious physical injury is imminent. See e.g., Armendariz v. Lappin, 2010 WL 3749483 (W.D. Okla. 2010) (denying pauper status under §1915 (g) because plaintiff presented only vague allegations of a denial of special needs for his diabetic condition); Mitchell v. Federal Bureau of Prisons, 587 F.3d 415, 421 (U.S. App. D.C. 2010) (denying pauper status under §1915 (g) because plaintiff's allegation regarding untreated hepatitis was not sufficiently specific for the court to infer that the prisoner has a serious disease and that prison officials have failed to treat it).

Consequently, plaintiff is not entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

**IT IS ORDERED** that Henderson Ford's motion to proceed in forma pauperis is **DENIED**. 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this ___7th___ day of December, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE